IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

AUGUSTUS W. ALLEN,

                      Plaintiff,

    v.

AMANDA STANEK,

                      Defendant.

OPINION and ORDER

23-cv-120-wmc

---

Plaintiff Augustus W. Allen, who is currently imprisoned by the Wisconsin Department of Corrections ("WDOC") at the Oshkosh Correctional Institution, filed a *pro se* complaint under 42 U.S.C. § 1983, claims that a female correctional officer sexually harassed and assaulted him while he was housed at the New Lisbon Correctional Institution ("NLCI"). (Dkt. #1.)[1] The court previously granted Allen leave to proceed with his claims under the Eighth Amendment against the defendant. (Dkt. #6, #8.) Plaintiff, who is now represented by counsel, has since filed a motion for summary judgment (dkt. #17), which will be denied for the reasons set forth below.

BACKGROUND[2]

At all times relevant to the complaint, plaintiff was housed at NLCI, where defendant was employed as a food services manager. In 2018, plaintiff alleges that

---

[1] The correctional officer was referred to in the complaint as "Amanda Doe," but has since been identified as Amanda Stanek as reflected in the caption above.

[2] Unless otherwise indicated, the facts set forth in this section are taken from plaintiff's verified complaint, the opinion and order granting plaintiff leave to proceed, and plaintiff's proposed findings of fact. (Dkt. #1, #6, #19.)

defendant began flirting with him while he was working in the main kitchen. About a month later, she reportedly told plaintiff that she wanted to be in a relationship with him and began sending him messages via the Corrlinks email system to that effect despite correctional staff being expressly prohibited from communicating with inmates through that system. Over the next two years, plaintiff claims that defendant then orchestrated a series of surreptitious sexual encounters with him.

After defendant sent plaintiff photos of herself in February of 2020, plaintiff sent defendant a message via Corrlinks stating that he did not want to continue their involvement, prompting the defendant to block him. Plaintiff claims that defendant also threatened to "fuck his life up" if he tried to "leave her," and more specifically that she "knew people" who could do so, including a certain correctional officer who worked on plaintiff's housing unit. Concerned, plaintiff next told another correctional officer that he had been threatened by staff. That officer sent plaintiff to his supervisor, to whom he disclosed defendant's sexual abuse and subsequent threats. In response, that supervisor recovered photos from plaintiff's cell and promised to follow up with him. Before the supervisor could do so, however, plaintiff claims that he again encountered defendant on his housing unit while he was walking to the rest room and that she called him a "bitch." After this encounter, the supervisor had plaintiff lodge a formal complaint, then placed him in protective custody. After plaintiff was further interviewed by investigators, he was transferred to another institution.

Plaintiff then filed a complaint under 42 U.S.C. § 1983, accusing defendant of sexual harassment and assault in violation of the Eighth Amendment. This court granted plaintiff leave to proceed with those claims (dkt. #6), after which

2

plaintiff's counsel moved for summary judgment against defendant based on her "failure" to assert any affirmative defenses. (Dkt. #18.) Representing herself, defendant filed a response to plaintiff's proposed findings of fact, but did not file a formal opposition to the motion for summary judgment. (Dkt. #23.)

OPINION

Summary judgment is only proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be genuinely disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A). "To be considered on summary judgment, evidence must be admissible at trial, though 'the form produced at summary judgment need not be admissible.'" *Cairel v. Alderden*, 821 F.3d 823, 830 (7th Cir. 2016) (quoting *Wragg v. Village of Thornton*, 604 F.3d 464, 466 (7th Cir. 2010)).

To observe that the record at summary judgment is "bare bones" would be an understatement. Plaintiff relies solely on his verified complaint (dkt. #1), and because the complaint was signed under penalty of perjury, the court treats it as the equivalent of an affidavit. *Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017). However, he provides *no* other evidence in support of his summary judgment motion.[3] Similarly, as noted, defendant, who resigned from WDOC and is representing herself after the state and its insurer declined to

---

[3] Although plaintiff's findings of fact cite to a "Prison Rape Elimination Act (PREA) Investigation," there is no evidence in the record regarding that investigation or the results. (Dkt. #19, at ¶ 3.)

do so, has filed no formal response to the summary judgment motion, except to dispute his factual allegations. In her answer, defendant more specifically: denies that she initiated communications with plaintiff over Corrlinks and further denies any sexual or physical contact with him (dkt. #13, at ¶¶ 14, 15); admits sending photographs to plaintiff but denies that they were of herself (*id*. at ¶ 19); and admits that she blocked any messaging from plaintiff but denies all of his other allegations. (*Id*. at ¶¶ 12-31.) In response to plaintiff's proposed findings of fact, defendant further contends that she sent communications to plaintiff through Corrlinks because plaintiff was threatening her and her family. (Dkt. #23 at ¶ 8.) When defendant told plaintiff that she planned to resign from NLCI, he also reportedly said to her: "You can't leave, I own you bitch" and that he would "fuck [her] life up." (*Id*. at ¶ 10.) Finally, defendant represents that she did not defend against the complaint plaintiff filed against her at NLCI in 2020, because at that time she was in fear of plaintiff. (*Id*. at ¶ 5.)

Because defendant is representing herself, her pleadings are subject to a less stringent standard that those drafted by a lawyer. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Thus, although defendant has not complied with the court's procedures on summary judgment or come forward with proof beyond her pleadings, which are unsworn, her failure to comply with procedural rules or address all of the allegations against her does not automatically entitle plaintiff to prevail. Rule 56 instructs that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: "(1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the

4

movant is entitled to it; or (4) issue any other appropriate order." Fed. R. Civ. P. 56(e). As the Advisory Committee's notes on Rule 56(e) explain, "summary judgment cannot be granted by default even if there is a complete failure to respond to the motion, much less when an attempted response fails to comply with Rule 56(c) requirements." Fed. R. Civ. P. 56(e) advisory committee's note to 2010 amendment. "Even where a nonmovant fails to respond to a motion for summary judgment, the movant still ha[s] to show that summary judgment [is] proper given the undisputed facts, with those facts taken as usual in the light most favorable to the nonmovant." *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (citation and internal quotation omitted).

Certainly, *pro se* litigants are still required to comply with the rules of procedure. *See Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994). Nevertheless, district courts have discretion whether to enforce those rules against pro se litigants, *see Hill v. Thalacker*, 210 F. App'x 513, 515 (7th Cir. 2006), and the Seventh Circuit has indicated a preference for deciding cases on the merits, not on procedural defects. *E.g., Webber v. Eye Corp.*, 721 F.2d 1067, 1071 (7th Cir. 1983) ("There is a well-established public policy favoring hearing cases on the merits[.]"). Indeed, "[t]he essence of liberal construction is to give a pro se [litigant] a break when, although [s]he stumbles on a technicality, [her] pleading is otherwise understandable." *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998).

Viewing all of the facts in the light most favorable to the defendant as non-movant, plaintiff does not establish that summary judgment is proper, at least on this record. Indeed, there appear to be numerous disputes of material facts, including whether *any* sexual activity took place between plaintiff and defendant, at least of a physical nature, and whether she ever threatened him in any way. Accordingly, plaintiff's motion for summary judgment must be denied.

ORDER

IT IS ORDERED that:

1. Plaintiff Augustus Allen's motion for summary judgment (dkt. #17) is DENIED.

2. All deadlines in the pretrial conference order (dkt. #15) remain in effect.  Both parties are encouraged to pay close attention to the court's policies and procedures for trial, which are set forth in the preliminary pretrial packet that was distributed by the magistrate judge at the September 20, 2023 pretrial conference.

Entered this 10th of July, 2024.

BY THE COURT:

/s/

_____
WILLIAM C. CONLEY
District Judge